FILED
DISTRICT COURT
23 DEC 03 PM 3: 25
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Alan J. Howarth, Esq., Bar No. 6570
**CLAYTON, HOWARTH & CANNON**
1225 East Fort Union Blvd., Suite 300
Midvale, Utah  84047
Telephone:  (801) 255-5335
Facsimile:  (801) 255-5338

Edward R. Schwartz, Esq.
**CHRISTIE, PARKER & HALE, LLP**
350 W. Colorado Blvd., Suite 500
Pasadena, California 91105
Telephone:  (626) 795-9900
Facsimile:  (626) 577-8800
Attorneys for Plaintiff,
**WORLD HEALTH PRODUCTS, LLC**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WORLD HEALTH PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NANOBACLABS PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND FALSE REPRESENTATION OF FACT**<br><br>Judge Paul G. Cassell<br>DECK TYPE: Civil<br>DATE STAMP: 12/23/2003 @ 15:24:16<br>CASE NUMBER:  2:03CV01126  PGC |

For its Complaint, Plaintiff World Health Products, LLC, alleges as follows:

## I.    JURISDICTION AND VENUE.

1.      This is an action for patent infringement arising under the United States patent laws, 35 U.S.C. § 1, et seq., and for false representation of fact in violation of 15 U.S.C. § 1125(a).  This Court has jurisdiction under 28 U.S.C. § 1338(a) and (b).

2.      Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## II.    THE PARTIES.

3.      Plaintiff, World Health Products, LLC, is a limited liability company organized and existing under the laws of the State of Utah having a principal place of business at 12685 South 125 East, Draper, Utah.   World Health Products, LLC is the owner by assignment of United States Letters Patent No. 5,602,180 ("the '180 patent") entitled "Method Of Administering EDTA Complexes."

4.      On information and belief, Defendant Nanobaclabs Pharmaceuticals, Inc., is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 2626 West M.L. King Jr. Blvd., Suite 850, Tampa, Florida 33607.

## COUNT I

### Patent Infringement

5.      Plaintiff repeats and realleges paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6.      On February 11, 1997, the '180 patent was duly and legally issued.  The '180 patent is presumed to be valid.  35 U.S.C. § 282.  A true copy of the '180 patent is attached hereto as Exhibit 1.

7.      On information and belief, Defendant has committed acts of infringement in this judicial district and elsewhere by directly infringing, contributorily infringing, and/or inducing others to infringe the '180 patent by using and/or inducing others to use and/or producing suppositories for others for using a method of administering EDTA complexes within the scope of the '180 patent.  On information and belief, Defendant's acts of infringement were committed in willful, knowing disregard of Plaintiff's patent rights.

8.      Defendant's infringement of the '180 patent has damaged and continues to damage and injure Plaintiff.  Plaintiff's injury is irreparable and on information and belief will continue unless and until Defendant is enjoined by this Court from further infringement.

## COUNT II

### False Representation of Fact

9.      Plaintiff repeats and realleges paragraphs 1 through 4 of this Complaint as if fully set forth herein.

10.     On information and belief, Defendant has stated to customers and potential customers that Defendant owns the '180 patent. This representation is false.

11.     The foregoing misrepresentation of Defendant constitutes a false representation in violation of 15 U.S.C. § 1125(a) in that Defendant has used in promoting its goods a false representation tending to falsely describe the nature, characteristics and qualities of Defendant's goods.

12.     Plaintiff is being damaged and is likely to be damaged in the future by such false representation by reason of the likelihood that potential consumers will be deceived or confused as to the nature of Defendant's goods or that such goods are authorized or sponsored by Plaintiff or are somehow affiliated with Plaintiff.

13.     Defendant has profited from its actions of unfair competition alleged herein and will continue to profit unless and until such conduct is enjoined.

14.     By reason of Defendant's actions alleged herein, Plaintiff has and will suffer damage to its business reputation and goodwill and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

15.     By reason of Defendant's actions alleged herein, Plaintiff has suffered, and will suffer, irreparable harm unless and until Defendant's conduct is enjoined.

16.     Because the actions of Defendant were willful and with the conscious intent to confuse and deceive the public at Plaintiff's expense, Plaintiff is entitled to three times its actual damages caused by Defendant's violation of 15 U.S.C. § 1125(a).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.    That this Court adjudge and declare:

    a.    That it has jurisdiction of the parties and of the subject matter of this action;

    b.    That United States Patent No. 5,602,180 is valid and owned by Plaintiff;

    c.    That Defendant has committed acts of patent infringement by its use of a method or by inducing others to use a method or by contributing to other's use of a method which is within the scope of the '180 patent;

    d.    That Defendants have committed an act of unfair competition by falsely representing to potential customers that it owns the '180 patent.

2.    That Defendant, its agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with any of them be preliminarily and permanently enjoined from further infringement of the '180 patent and from stating orally or from distributing or using in any manner any advertising or promotional material which states that Defendant is the owner of or is otherwise authorized to use the method of the '180 patent.

3.    That Plaintiff be awarded damages resulting from its willful acts of patent infringement of Defendant in an amount not less than a reasonable royalty pursuant to 25 U.S.C. § 284 and that these damages so ascertained be trebled;

4.    That Plaintiff be awarded Defendant's profits resulting from its willful false representation of fact and that the damages be trebled.

5.    That Defendant pay Plaintiff prejudgment interest on infringement damages;

6.    That Plaintiff have and recover its costs in this action, including attorney's fees; and

7.    That Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: _December 23, 2003_        By: _Alan K Howarth_

Alan J. Howarth, Esq., Bar No. 6570
CLAYTON, HOWARTH & CANNON
1225 East Fort Union Blvd., Suite 300
Midvale, Utah 84047
Attorneys for Plaintiff,
WORLD HEALTH PRODUCTS, LLC

OF COUNSEL:


Edward R. Schwartz, Esq.
CHRISTIE, PARKER & HALE, LLP
P. O. Box 7068
Pasadena, California 91109-7068

BLV PAS539893.1-*-12/16/03 10:50 AM